# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No.: 2:15-cv-02241-APG-BNW |
| Plaintiff | **Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Dismissing as Moot Plaintiff's Damages Claims, (3) Denying the Defendants' Motions for Summary Judgment; and (4) Declining to Exercise Supplemental Jurisdiction Over Remaining Claims** |
| v. | |
| BLACKHORSE HOMEOWNERS ASSOCIATION, et al., | |
| Defendants | [ECF Nos. 49, 50, 51] |

Plaintiff Bank of New York Mellon (BONY) sues to determine whether a deed of trust encumbering property located at 3400 Cabana Drive #2027 in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Blackhorse Homeowners Association (Blackhorse). Defendant T-Shack, Inc. (T-Shack) purchased the property at the foreclosure sale. BONY seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Blackhorse and Blackhorse's foreclosure agent, Defendant Nevada Association Services, Inc. (NAS). T-Shack counterclaims for declaratory relief that it purchased the property free and clear of the deed of trust. It also asserts a slander of title claim against BONY based on the lis pendens BONY recorded. Blackhorse filed a third party complaint against NAS for breach of contract, indemnity, and contribution. NAS counterclaims against Blackhorse for breach of contract and breach of the implied covenant of good faith and fair dealing.

T-Shack moves for summary judgment, arguing that the HOA foreclosure sale is presumptively valid and the deed of trust was extinguished by the sale. T-Shack also argues that

it is a bona fide purchaser and the equities do not favor setting aside the sale. BONY moves for summary judgment on only its declaratory relief claim, arguing that its predecessor, Bank of America, tendered the superpriority amount prior to the sale and thereby preserved the deed of trust.[1] Blackhorse moves for summary judgment on BONY's damages claims against it. Blackhorse concedes the HOA foreclosure sale did not extinguish the deed of trust.

NAS did not move for summary judgment and did not respond to any of the motions. Blackhorse did not move for summary judgment on its third party claims against NAS or on NAS's counterclaims against Blackhorse.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant BONY's motion because no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot BONY's alternative damages claims against Blackhorse and NAS, and I deny Blackhorse's and T-Shack's motions for summary judgment. Finally, I decline to exercise supplemental jurisdiction over the remaining claims between Blackhorse and NAS.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[1] BONY raises a variety of other arguments, but I need not address them because BONY prevails on its tender argument.

1    The party seeking summary judgment bears the initial burden of informing the court of
2 the basis for its motion and identifying those portions of the record that demonstrate the absence
3 of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The
4 burden then shifts to the non-moving party to set forth specific facts demonstrating there is a
5 genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531
6 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat
7 summary judgment, the nonmoving party must produce evidence of a genuine dispute of material
8 fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the
9 light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523
10 F.3d 915, 920 (9th Cir. 2008).

11   Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority
12 amount due results in the buyer at foreclosure taking the property subject to the deed of trust."
13 *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To
14 be valid, tender must be for "payment in full" and must either be "unconditional, or with
15 conditions on which the tendering party has a right to insist." *Id.* at 118.

16   BONY has met its burden of establishing that it tendered the superpriority amount in full.
17 The HOA assessment was $130 per month. ECF Nos. 51-9 at 3; 51-14 at 7. Prior to the HOA
18 foreclosure sale, Bank of America tendered $1,654.30 to NAS to cover the superpriority amount
19 of nine months of assessments plus some collection costs. *Id.* at 9-12. NAS refused to accept the
20 check. *Id.* at 12. T-Shack "does not concede" that this letter was sent and received. ECF No. 49
21 at 7 n.1. But it presented no contrary evidence with its motion and it did not respond to BONY's
22 motion. Nor does T-Shack respond to Blackhorse's concession that the superpriority amount
23 was satisfied. *See* ECF No. 56 at 5. Consequently, no genuine dispute remains that the

3

superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

T-Shack argues in its own motion that it is a bona fide purchaser and the equities weigh in its favor. "[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities whether tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019).

In sum, BONY has met its initial burden of showing that Bank of America tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. T-Shack has not presented evidence raising a genuine dispute in response. Consequently, T-Shack purchased the property subject to the deed of trust. I therefore dismiss as moot BONY's alternative damages claims against Blackhorse and NAS, and I deny Blackhorse's and T-Shack's motions for summary judgment.

That leaves the claims between Blackhorse and NAS. No party moved for summary judgment on these claims. Both of these parties are Nevada citizens, so there is no diversity between them. *See* ECF Nos. 17 at 2; 30 at 1. Their claims arise under state law, so there is no federal question jurisdiction. Thus, these claims are before me under supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). I may decline to exercise supplemental jurisdiction over a state

4

law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).  Should one of these factors be present, I consider whether continuing to exercise supplemental jurisdiction promotes economy, convenience, fairness, and comity. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  Whether to decline the exercise of supplemental jurisdiction under § 1367(c) lies within my discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008).

I have resolved all of the claims that supported original jurisdiction in this court.  The remaining claims raise only Nevada state law issues that should be resolved in Nevada state court.  Although the overall case has proceeded to summary judgment, Blackhorse and NAS have not pursued their claims against each other in this court, so concerns about economy or convenience are not implicated.  I therefore decline to exercise supplemental jurisdiction over the remaining state law claims.

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 51) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of plaintiff Bank of New York Mellon and against defendant T-Shack, Inc. as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on November 15, 2013 did not extinguish the deed of trust and the property located at 3400 Cabana Drive #2027 in Las Vegas, Nevada remains subject to the deed of trust.

/ / / /

I FURTHER ORDER that plaintiff Bank of New York Mellon's alternative damages claims against defendants Blackhorse Homeowners Association and Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that defendant Blackhorse Homeowners Association's motion for summary judgment **(ECF No. 50) is DENIED**.

I FURTHER ORDER that defendant T-Shack, Inc.'s motion for summary judgment **(ECF No. 49) is DENIED**.

I FURTHER ORDER that I decline to exercise supplemental jurisdiction over the third party claims and counterclaims between Blackhorse Homeowners Association and Nevada Association Services, Inc., so those claims are DISMISSED.

I FURTHER ORDER the clerk of court to close this case.

DATED this 13th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE